Coös,  }
Dec., 1895.  }

AMEY *v.* GRANITE STATE FIRE INSURANCE CO. *& a.,* McMULKIN *& a., Claimants.*

A vendor of chattels who takes a mortgage of them to secure the purchase money may recover insurance effected for his benefit, notwithstanding his knowledge that the property is to be used by the mortgagor for an illegal purpose.

ASSUMPSIT, on policies of insurance issued by the Granite State Fire Insurance Company, the Home Insurance Company, and the Imperial Insurance Company.    The defendants admit their liability, either to the plaintiff or to the claimants, as the court may determine.

Prior to October 24, 1893, the plaintiff was engaged in the business of bottling lager beer at Groveton, and selling the same, together with some intoxicating liquors, at wholesale, in New Hampshire and Vermont.    On that day he sold the plant and stock of goods to the claimants, and executed a bill of sale thereof; and in payment therefor he took a promissory note of the claimants for $2,000, which has been paid, and four promissory notes of the claimants for $818.92 each, secured by a chattel mortgage of the property, all of the same date.    The balance due on the notes amounts to more than the whole sum due from the defendants on the policies in suit.    Insurance was effected on the property by the claimants for the benefit of the mortgagee as his interest might appear.    The property was afterward mainly consumed by fire, and the loss adjusted by the respective companies.    The consideration of the note for $2,000 included all the intoxicating liquors sold the claimants, and the mortgage notes were not taken in payment for any intoxicating

liquors so sold.  A part of the consideration of the mortgage notes consisted of machinery and articles adapted to and used in the business of bottling lager beer, and the plaintiff knew when he made the sale and took the mortgage that the claimants intended to engage in that business.

*Drew, Jordan & Buckley*, for the plaintiff.

*Ladd & Fletcher* and *Crawford D. Hening*, for the claimants.

CLARK, J.  The plaintiff is entitled to judgment unless, as a part of the contract of sale, he did some positive act to aid the claimants in their unlawful occupation.  The sale was not rendered illegal by the plaintiff's knowledge that the claimants would use the property sold for the advancement of their illegal business.  *Delavina* v. *Hill*, 65 N. H. 94, and cases cited; *Bryson* v. *Haley, ante, p.* 337.  No facts are found which show anything beyond the plaintiff's mere knowledge of the intention of his vendees, and the case comes within the rule laid down in the authorities cited.

*Judgment for the plaintiff.*

All concurred.